795 So.2d 1129 (2001)
K.M., As Parent of S.M., A Child, Appellant,
v.
DEPT. OF CHILDREN & FAMILIES, Appellee.
No. 5D00-1254.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Dept. of Children & Families, Orlando, for Appellee.
THOMPSON, C.J.
K.M. appeals an order terminating her parental rights. She raises several arguments on appeal, only one of which has merit. She contends that there was no evidence that termination of her parental rights was in the manifest best interest of her child, as per section 39.810, Florida Statutes. We agree, and reverse and remand for a new hearing.
Section 39.810 sets out eleven factors to be considered in determining if termination is in the manifest best interests of the child.[1] At the final hearing, the *1130 court reviewed the statutory list of termination grounds, but there was no similar apparent consideration of the factors to be considered regarding the best interests of the child. That failure was reversible error. See Interest of S.P., 617 So.2d 819 (Fla. 2d DCA 1993) (remanding for requisite findings); Interest of C.K., 601 So.2d 1331 (Fla. 2d DCA 1992).
The court below had no information about the child except that she was adoptable; this lack of information was due in part to the fact that the state's case was predicated on multi-layered hearsay[2] and on the testimony of a case worker who was unfamiliar with the case, not having been assigned the case until after the decision to seek termination had been made. There was no evidence about how termination and adoption might affect the child in comparison to the effect on her of continued foster care if the mother were given another opportunity to meet her case plan and be reunited with the child. This evidence is especially important in view of the child's age (five years old) and bonding with the mother. The right to care, custody, and control of one's child is fundamental, and must not be terminated by the state unless termination is based on clear and convincing evidence after review of all the relevant statutory factors that go into reaching that determination. Unfortunately, that did not occur here.
REVERSED and REMANDED.
HARRIS and SAWAYA, JJ., concur.
NOTES
[1] In a hearing on a petition for termination of parental rights, the court shall consider the manifest best interests of the child. This consideration shall not include a comparison between the attributes of the parents and those of any persons providing a present or potential placement for the child. For the purpose of determining the manifest best interests of the child, the court shall consider and evaluate all relevant factors, including, but not limited to:

(1) Any suitable permanent custody arrangement with a relative of the child.
(2) The ability and disposition of the parent or parents to provide the child with food, clothing, medical care or other remedial care recognized and permitted under state law instead of medical care, and other material needs of the child.
(3) The capacity of the parent or parents to care for the child to the extent that the child's safety, well-being, and physical, mental, and emotional health will not be endangered upon the child's return home.
(4) The present mental and physical health needs of the child and such future needs of the child to the extent that such future needs can be ascertained based on the present condition of the child.
(5) The love, affection, and other emotional ties existing between the child and the child's parent or parents, siblings, and other relatives, and the degree of harm to the child that would arise from the termination of parental rights and duties.
(6) The likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the child.
(7) The child's ability to form a significant relationship with a parental substitute and the likelihood that the child will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties.
(8) The length of time that the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.
(9) The depth of the relationship existing between the child and the present custodian.
(10) The reasonable preferences and wishes of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.
(11) The recommendations for the child provided by the child's guardian ad litem or legal representative.
[2] Upon remand, the trial court should note that hearsay evidence alone cannot and should not be considered clear and convincing evidence by the trial court. See Williams v. Dep't of Health and Rehabilitative Services, 589 So.2d 359 (Fla. 5th DCA 1991).